## COMMONWEALTH *vs.* HENRY M. LIVERMORE.

In the trial of an indictment for being a common seller of intoxicating liquors, it is incum-
bent on the Commonwealth, under Gen. Sts. *c.* 172, § 10, to prove that the sales relied on
were not such as the defendant might lawfully make without written license or authority.

COMPLAINT for being a common seller of intoxicating liquors.
The defendant was convicted before a trial justice, and, on ap-
peal, in the superior court; and alleged exceptions to the instruc-
tions of *Rockwell*, J. to the jury, that, if the defendant sold
under any license, appointment or authority, it was his duty to
prove the same, in order to justify such sales. The evidence on
which the conviction was obtained was not reported.

*W. Griswold*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. After it was decided, in *Commonwealth* v. *Thur-
low*, 24 Pick. 374, that by the common law rules of evidence it
was incumbent on the Commonwealth, in the trial of an indict-
ment for selling spirituous liquor without license, to produce
evidence that the defendant had no license, the legislature en-
acted, by *St.* 1844, *c.* 102, that " in all prosecutions *for selling
spirituous or fermented liquors* without license," the legal pre-
sumption should be that the defendant had not been licensed

and that, if he should rely on a license in his defence, it should be incumbent on him to prove that fact. And that statute was held to apply to prosecutions for the sale of *intoxicating liquors*, under *St.* 1850, *c.* 232. *Commonwealth* v. *Kelly*, 10 Cush. 69. But it was held not to apply to prosecutions under *St.* 1855, *c.* 405, which declared all buildings, places or tenements used for the illegal sale or keeping of intoxicating liquors to be common nuisances. *Commonwealth* v. *Lahy*, 8 Gray, 459. In that case it was said by Chief Justice Shaw, that as the *St.* of 1844, *c.* 102, was expressly limited to prosecutions for selling liquors, the court saw no reason for departing from the general rule of evidence, and applying the exception which was made in that statute to a distinct class of offences. Subsequently to that decision, the *St.* of 1859, *c.* 160 — which is reënacted by the Gen. Sts. *c.* 172, § 10 — was passed in these terms : " *In all criminal prosecutions*, in which the defendant shall rely for his justification upon any written license, appointment or certificate of authority, he shall prove the same, and until such proof the presumption shall be that he is not so authorized." And *St.* 1844, *c.* 102, is repealed. Gen. Sts. p. 886. By the repeal of that statute, the common law rule of evidence — by which the burden is on the Commonwealth, in prosecutions for acts alleged to be done without license or authority, to prove the negative allegation — was left applicable to all cases except those of written licenses or authority, in which alone the burden is put by the Gen. Sts. *c.* 172, § 10, upon the defendant to make proof of such license or authority.

As, by the Gen. Sts. *c.* 86, §§ 25–27, no written license or certificate of authority is required to justify importers in selling liquor in the original casks or packages in which it was imported, or druggists in selling alcohol, or any person in selling cider for other purposes than that of a beverage, or in selling wine for sacramental purposes, it follows from the foregoing statement of the common and statute law, that in the case at bar it was incumbent on the Commonwealth to produce evidence that the sales of liquors, with which the defendant is charged in the complaint, were not such as he was authorized

25*

to make without any written license or certificate of authority The complaint alleges that he was " a common seller of intoxi· cating liquors," (without mentioning the kind or kinds of liquor,) " not being authorized to sell the same." And the exceptions do not show what the evidence was on which the verdict was found. If that evidence had been set forth, it might have shown that the defendant had no license or authority, and tha the burden of proof imposed on the Commonwealth had been sustained. For instance; that burden would have been sus- tained if the evidence had shown that the defendant sold intox- icating liquor by the glass, three or more times, on a training field, or in a common bar-room. This alone would have suffi- ciently negatived all authority ; for no person can by law have authority, written or unwritten, so to sell liquor. And probably in a majority of prosecutions for the sale of liquors, the evidence produced by the Commonwealth, in proof of the sales, effectually negatives the defendant's authority to sell.

The court, at the trial, refused to instruct the jury that the government must prove that the defendant had no license, ap- pointment or authority to sell, in order to convict him, and in- structed them that it was the duty of the defendant, if he sold under any authority, to prove such authority. This was wrong. And as it does not appear in the bill of exceptions, and we can- not know, that the evidence produced by the Commonwealth did show that the defendant had no license or authority, the ex- ceptions must be sustained. If it had appeared that the evi- dence showed that the defendant had no authority to sell liquor, the exceptions must have been overruled ; because it would thereby have appeared that the conviction was right, and that the wrong instruction caused no injury to the defendant.

*New trial granted.**

---

* Several other similar decisions were made, for the same reasons, in cases coming up in different counties, in the fall circuit.